```
 1  G. DALLAS HORTON & ASSOCIATES
    G. DALLAS HORTON, ESQ.
 2  Nevada Bar No. 5996
    DAVID L. THOMAS, ESQ.
 3  Nevada Bar No. 3172
    CHRISTIAN Z. SMITH, ESQ.
 4  Nevada Bar No. 8266
 5  4435 South Eastern Avenue
    Las Vegas, Nevada 89119
 6  (702) 380-3100
 7  Attorneys for Plaintiff
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN NEVADA

| | |
|---|---|
| BRISA ELIZABETH CHACON-SOLIS, | CASE NO. 2:15-cv-00627-RFB-CWH |
| Plaintiff, | **STIPULATION AND ORDER TO AMEND PLAINTIFF'S COMPLAINT** |
| v. | |
| STATE FARM FIRE & CASUALTY COMPANY; ROE INSURANCE COMPANY, DOES I through X, and ROE CORPORATIONS I through X, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the parties in the above-referenced matter by and through their attorneys of record that Plaintiff's Complaint be amended. Specifically, the initial Paragraph of the Complaint be amended to replace FARMERS INSURANCE EXCHANGE, (hereinafter "FARMERS"... to STATE FARM FIRE & CASUALTY COMPANY, (hereinafter "STATE FARM"...; and Paragraph 39 to be amended to read as follows:

> On or about July 24, 2014, the DEFENDANTS, and each of them, sent the Plaintiff correspondence stating that the Plaintiff had not sent any new information; causing the DEFENDANTS to close the UIM claim. The same correspondence stated that the UIM claim value did not exceed the combined Torres-Acosta policy limits and Medical Payments coverage of

. . .

| | |
|---|---|
| 1 | $25,000.00.  The DEFENDANTS did not provide the basis for this evaluation. |
| 2 | |
| 3 | A copy of the proposed Amended Complaint is attached hereto as Exhibit "1". |
| 4 | DATED this 27th day of May, 2015. |

| LEWIS BRISBOIS BISGAARD & SMITH | G. DALLAS HORTON & ASSOCIATES |
|---|---|
| /s/ *Gregory S. Bean, Esq.* | /s/ *David L. Thomas, Esq.* |
| ROBERT W. FREEMAN, ESQ. | G. DALLAS HORTON, ESQ. |
| Nevada Bar No. 03062 | Nevada Bar No. 5996 |
| GREGORY S. BEAN, ESQ. | DAVID L. THOMAS, ESQ. |
| Nevada Bar No. 12694 | Nevada Bar No. 3172 |
| 6385 S. Rainbow Blvd., Suite 600 | CHRISTIAN Z. SMITH, ESQ. |
| Las Vegas, Nevada 89118 | Nevada Bar No. 8266 |
| *Attorneys for Defendant* | 4435 South Eastern Avenue |
| | Las Vegas, Nevada 89119 |
| | *Attorneys for Plaintiff* |

ORDER

IT IS SO ORDERED:

RICHARD F. BOULWARE, II
United States District Judge

Submitted by:

G. DALLAS HORTON & ASSOCIATES

DATED this 1st day of June, 2015.

/s/ *David L. Thomas, Esq.*
G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
4435 South Eastern Avenue
Las Vegas, Nevada 89119
*Attorneys for Plaintiff*

G. DALLAS HORTON & ASSOCIATES
G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
4435 South Eastern Avenue
Las Vegas, Nevada 89119
(702) 380-3100
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA, SOUTHERN NEVADA

| | |
|---|---|
| BRISA ELIZABETH CHACON-SOLIS, | CASE NO. 2:15-cv-00627-RFP-CWH |
| Plaintiff, | **PLAINTIFF'S PROPOSED AMENDED COMPLAINT** |
| v. | |
| STATE FARM FIRE & CASUALTY COMPANY; ROE INSURANCE COMPANY, DOES I through X, and ROE CORPORATIONS I through X, | |
| Defendants. | |

COMES NOW, Plaintiff, BRISA ELIZABETH CHACON-SOLIS, an individual, (hereinafter "Plaintiff"), by and through her attorneys, G. DALLAS HORTON & ASSOCIATES, and for Plaintiff's causes of action against Defendant, STATE FARM FIRE & CASUALTY COMPANY, (hereinafter "STATE FARM" or "DEFENDANTS, and each of them"), a foreign corporation, and each of them, alleges as follows:

### PARTIES

1. That at all times relevant herein, Plaintiff was and is a resident of Clark County, Nevada.

2. That at all times relevant herein, STATE FARM FIRE & CASUALTY COMPANY, was and is a foreign corporation licensed to sell insurance in the state of Nevada.

3. That STATE FARM FIRE & CASUALTY maintains a place of business in Nevada, maintains business licenses issued exclusively by the State of Nevada and its political subdivisions, hires employees who work and reside in Nevada, advertises in Nevada, enters into contracts with Nevada residents with the intent that said contracts be performed in Nevada and interpreted solely under Nevada law, pays business taxes in the State of Nevada, and otherwise acts with the intent to be a corporate citizen domiciled in Nevada, with an intent to remain in the State of Nevada for an indefinite period of time.

4. Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident defendants designated herein as ROE INSURANCE COMPANY, DOES I through X, and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this action is premised, or of similar actions directed against Plaintiff about which they are presently unaware. It is alleged that said DOE and ROE Defendants directly and proximately caused injury and damages thereby to Plaintiff. As the specific identities of these parties are revealed through the course of discovery, the DOE and ROE appellation will be replaced to identify these parties by their true names and capacities.

5. That named Defendants, ROE INSURANCE COMPANY, DOE Defendants, and ROE CORPORATION Defendants, and each of them, at all relevant times, were the owner, partner, servant, officer, agent, and employee of all the other Defendants, and each of them, and

were at all relevant times acting within the scope and performance of said partnership, agency, master/servants, and employment relationship.

## FACTS RE: ACCIDENT

6. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 5 of the Complaint as though fully set forth herein by reference.

7. That on or about November 12, 2013, Plaintiff was stopped for a red light in a 2009 Chevrolet Traverse in the left turn lane on eastbound Cheyenne Avenue at that street's intersection with Pecos Road in North Las Vegas, Clark County, Nevada.

8. At that same date and time, Augustin Torres-Acosta ("Torres-Acosta") was operating a 1994 Chevrolet Astro Van on eastbound Cheyenne behind the Plaintiff in the left turn lane when his vehicle struck Plaintiff's vehicle.

9. That Torres-Acosta was negligent and was liable for Plaintiff's damages.

10. At that date, time and place, Torres-Acosta violated one or more statutes, codes, ordinances or rules which governed the operation of his vehicle which were enacted to protect persons such as Plaintiff and prevent the types of injuries and damages Plaintiff sustained, and Torres-Acosta was negligent *per se,* and was liable for Plaintiff's damages.

11. That as a direct and proximate result of the acts and omissions of Torres-Acosta, Plaintiff sustained great pain of body and mind, including serious and painful physical injuries to Plaintiff, as well as shock and injury to Plaintiff's nervous system entailing mental stress, anxiety, and anguish, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's general damages in an amount in excess of $10,000.00.

12. That as a direct and proximate result of the acts and omissions of Torres-Acosta, Plaintiff incurred expenses for medical care and expenses incidental thereto, and upon information

and belief, such expenses and damages will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.

13. That as a direct and proximate result of the acts and omissions of Torres-Acosta, Plaintiff lost income and earning capacity, and upon information and belief, such damages will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.

14. That at the time of the collision, Torres-Acosta was covered by liability insurance with Allstate Insurance Company, with limits of $15,000.00 per person and $30,000.00 per accident.

15. That Plaintiff made a claim against Torres-Acosta for damages and settled for $15,000.00 on April 11, 2014.

16. That the settlement with Torres-Acosta did not compensate Plaintiff for all damages suffered because of the negligence of Torres-Acosta.

## CLAIMS AGAINST DEFENDANTS

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of the Complaint as though fully set forth herein by reference.

18. That at the time of the collision, the Plaintiff was insured for underinsured motorist ("UIM") coverage by DEFENDANTS, and each of them, for her own vehicle under policy #085947828A with coverage limits of $100,000.00 per person and $300,000.00 per accident.

19. That on or about November 15, 2013, Plaintiff, through her counsel (hereinafter referred to jointly as Plaintiff), pursuant to and in compliance with all the requirements of the UIM insurance policy, notified DEFENDANTS, and each of them, of counsel's representation of the Plaintiff and the Plaintiff's UIM claim.

20. That on or about November 18, 2013, the DEFENDANTS, and each of them, acknowledged Plaintiff's claim. On the same date, by separate correspondence, the DEFENDANTS also sent the Plaintiff a confirmation of the coverage stated above.

21. That on or about November 19, 2013, the DEFENDANTS, and each of them, sent correspondence to Plaintiff confirming that they were aware that the Plaintiff was injured in the subject "loss". The same correspondence also informed that Plaintiff that the DEFENDANTS provided her Medical Payments coverage "for reasonable expenses for necessary medical treatment resulting from the accident" "for three years from the date of the accident date, up to a limit of $10,000.00 per person." The same correspondence enclosed a Medical Authorization for Release of Information that the DEFENDANT asked the Plaintiff to complete and return. The same correspondence also informed the Plaintiff that the DEFENDANT "may require examination by a physician(s) of our choice and paid by us under the terms of this policy".

22. The same correspondence informed the Plaintiff that the DEFENDANT had "the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary".

23. That on or about November 25, 2013, the Plaintiff contacted the DEFENDANTS, and each of them, by phone and provided the DEFENDANTS all of the information that the Defendants stated that they needed.

24. That on or about December 3, 2013, the DEFENDANTS, and each of them, sent a correspondence again confirming that they had received the Plaintiff's letter of representation described above and again stating that they were handling the Medical Payments coverage portion of the claim. The same correspondence also requested "an injury and treatment status" in order to update their file.

25. That on or about December 10, 2013, the Plaintiff sent the DEFENDANTS, and each of them, executed Medical Authorization, Injury Questionnaire, and Medical Provider form.

26. That on or about February 19, 2014, the DEFENDANTS, and each of them, also sent the Plaintiff correspondence informing her that the claim had been referred to "State Farm's Subrogation Services" who will attempt to recover payments made by "State Farm from the party or parties responsible for your loss."

27. That also on or about February 19, 2014, the DEFENDANTS, and each of them, sent the Plaintiff separate correspondence confirming counsel's representation of the Plaintiff "for damages or injuries sustained in the loss of November 12, 2013." The same letter informed counsel of the DEFENDANTS' intent to seek subrogation for "Rental/Loss of Use Coverage in the amount of $239.41" and asked counsel to not take any action that would jeopardize those subrogation rights.

28. That on or about April 1, 2014, the Plaintiff sent the DEFENDANTS, and each them, correspondence enclosing billing and medical records from Dr. Brian Lemper, D.O.; Align Chiropractic; and Centennial Medical Imaging. The medical billing totaled $40,572.50. The same correspondence requested that the DEFENDANTS make a check payable to the Plaintiff and her attorney under the Medical Payments portion of the DEFENDANTS' insurance policy.

29. That on or about April 2, 2014, the Plaintiff, pursuant to and in compliance with all the requirements of the UIM policy of insurance, presented DEFEDANTS, and each of them, with a proof claim for damages for injuries to the Plaintiff's neck, mid-back, low back; and abdomen.

30. That the proof of claim contained medical records and billing showing that the Plaintiff incurred $78,189.00 in medical treatment and billing as a result of the subject accident; a

traffic accident report; a property damage estimate showing $3,661.37 in property damage; and a letter from Allstate indicating its policy limits for Torres-Acosta.

31. That based upon the proof of claim and pursuant to and in compliance with the requirements of DEFENDANTS' UIM insurance policy, on April 2, 2014, the Plaintiff demanded the DEFENDANTS' $100,000.00 policy limits of UIM coverage, and gave DEFENDANTS, and each of them, 30 days to evaluate and pay the claim.

32. That based upon the proof of claim, DEFENDANTS, and each of them, knew or should have known, that Torres-Acosta's underlying $15,000 liability policy with Allstate was insufficient to compensate the Plaintiff for the injuries Torres-Acosta caused the Plaintiff.

33. That on or about April 9, 2014, the DEFENDANTS, and each of them, paid the $10,000.00 Medical Payments insurance coverage.

34. That, as mentioned above, on or about April 14, 2014, Allstate settled with the Plaintiff for the $15,000.00 policy limits

35. That on or about April 22, 2014, the DEFENDANTS, and each of them, sent the Plaintiff correspondence confirming a conversation wherein the DEFENDANTS requested an itemized bill from Dr. Lemper so that they could continue their evaluation of the Plaintiff's claim. The same correspondence also indicated that the DEFENDANTS may have other questions upon receipt of the itemized billing. The correspondence did not explain why the DEFENDANTS could not have utilized the Plaintiff's medical authorization to obtain the information themselves.

36. That on or about May 30, 2014, the Plaintiff sent the DEFENDANTS, and each of them, correspondence enclosing Dr. Lemper's itemized billing. The same correspondence confirmed the Plaintiff's correspondence that the itemized billing was all the DEFENDANTS needed to continue the evaluation of the Plaintiff's UIM demand and requested that the

DEFENDANTS contact Plaintiff upon receipt of the itemized billing in order to proceed with settlement discussions.

37. That on or about June 4, 2014, the DEFENDANTS, and each of them, contacted Plaintiff and stated that they had not yet reviewed the records and that they needed until June 11, 2014 to respond to the Plaintiff's policy limits demand. The Plaintiff gave the DEFENDANTS the additional week. On or about the same date, the DEFENDANTS requested an additional week in which to evaluate the demand, making the DEFENDANTS' response now due on June 18, 2014.

38. On or about June 11, 2014, the Plaintiff sent the DEFENDANTS, and each of them, a copy of the release Plaintiff executed for Allstate's $15,000.00 policy limits.

39. On or about July 24, 2014, the DEFENDANTS, and each of them, sent the Plaintiff correspondence stating that the Plaintiff had not sent any new information; causing the DEFENDANTS to close the UIM claim. The same correspondence stated that the UIM claim value did not exceed the combined Torres-Acosta policy limits and Medical Payments coverage of $25,000.00. The DEFENDANTS did not provide the basis for this evaluation.

40. That based upon the proof of claim and all other evidence the DEFENDANTS, and each of them, had or should have had in their possession by this time; the DEFENDANTS knew or should have known that the above mentioned $25,000.00 was sufficient to compensate the Plaintiff for the injuries Torres-Acosta caused the Plaintiff.

41. The DEFENDANTS, and each them, gave a valuation to the Plaintiff's UIM claim that was so low as to shock the conscience of a reasonable person.

42. That the DEFENDANTS' valuation of the Plaintiff's UIM claim, upon information and belief, was done without a reasonable basis or reasonable investigation prior to making it. These failures include, but are not limited to, DEFENDANTS' failure to take a recorded statement

to determine the extent of the Plaintiff's special and general damages; failure to conduct a medical examination of the Plaintiff; failure to consult with either the Plaintiff's treating physicians or (upon information and belief) other medical consultants regarding the customary and reasonableness of the medical charges the Plaintiff's medical practitioner's charged the Plaintiff; failure to consult with either the Plaintiff's treating physicians or (upon information and belief) other medical consultants regarding the Plaintiff's injuries, and/or the reasonableness, necessity, and causation of the past treatment or any future treatment the Plaintiff sought to recover under the UIM coverage, and/or the past and future pain and suffering that the Plaintiff sought to recover under the UIM coverage, and/or the past lost wages and/or future diminished earning capacity that the Plaintiff sought to recover under the UIM coverage.

43. That the DEFENDANTS' valuation of the Plaintiff's UIM claim, upon information and belief, was done without a reasonable basis or reasonable investigation including, but not limited to, DEFENDANTS' failure to obtain any photos depicting the accident scene or vehicles involved in the subject accident; and to obtain any property damage repair estimates for the Torres-Acosta vehicle.

44. That at all times relevant herein, DEFENDANTS, and each of them, violated multiple duties owed by an insurance company to an insured making a claim created by one or more common laws, Nevada Revised Statutes, or Nevada Administrative Code provisions; including, but not limited to, of NRS 686A.310, NAC 686A.660, and NAC 686A.675 as follows:

   a) DEFENDANTS, and each of them, violated NRS 686A.310 (n) which requires an insurance company to promptly provide an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim;

   b) DEFENDANTS, and each of them, violated NAC 686A.675(1) which prohibits an insurance company from denying a claim based upon a specific

Page 9 of 14

policy provision, condition or exclusion without referencing that provision, condition or exclusion in the denial;

c) DEFENDANTS, and each of them, violated NAC 686A.675 (3) which requires an insurance company to give a first party claimant the reasons why additional time is needed to investigate the claim every 30 days after receipt of the claimant's initial proof of loss;

g) DEFENDANTS, and each of them, violated NRS 686A.310 (c) which requires an insurance company to create and implement reasonable standards for the prompt investigation of claims, including appropriate procedures to support the insurer's assertions that a first party claimant's injury had been adequately compensated by the underlying tortfeasor's liability insurance and/or any setoffs to which the insurer is entitled.

h) DEFENDANTS, and each of them, violated NRS 686A.310 (f) which prohibits an insurance company from compelling an insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts the insured claimed and ultimately recovered or offering nothing at all.

45. That Plaintiff has demanded DEFENDANTS, and each of them, to fully perform their UIM contractual obligations and DEFENDANTS, and each of them, have not done so.

46. That DEFENDANTS, and each of them, have acted unreasonably in carrying out their duties to Plaintiff.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 of the Complaint as though fully set forth herein by reference.

48. That in exchange for consideration, DEFENDANTS, and each of them, contractually agreed to pay benefits under the UIM provisions of DEFENDANTS' insurance policy #085947828A.

49. That DEFENDANTS, and each of them, by and through their employees and agents, have breached their contractual obligations to Plaintiff and Plaintiff has suffered damage as a proximate result of the breach of contractual obligations, in an amount in excess of $10,000.00.

50. That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein as an item of special damages.

## SECOND CAUSE OF ACTION
### (Breach of Defendant's Good Faith and Fair Dealing)

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 of the Complaint as though fully set forth herein by reference.

52. That DEFENDANTS, and each of them, as an inherent part of the contract with Plaintiff, owed Plaintiff a duty of good faith and fair dealing.

53. That DEFENDANTS, and each of them, denied and otherwise refused to pay the reasonable value of the Plaintiff's UIM claim; that the denial and refusal to pay was done without any reasonable basis; and that DEFENDANTS, and each of them, knew or were aware that they lacked any reasonable basis to deny and refuse to pay the reasonable value of the Plaintiff's claim, or acted with reckless disregard as to the unreasonableness of the denial and refusal to pay.

54. That DEFENDANTS, and each of them, have breached their duty of good faith and fair dealing inherent in their contract with Plaintiff, causing Plaintiff damages including mental suffering and distress with physical manifestations, anxiety, anguish, worry, sleep loss, depression, pecuniary loss, and foreseeable financial hardship as a proximate result of said breach, all in an amount in excess of $10,000.00.

55. That upon information and belief, DEFENDANTS, and each of them, by and through their employees and agents, acted with or committed acts constituting a conscious

disregard of the rights of Plaintiff; oppression; and/or, malice, express or implied, by among other acts, deliberately, intentionally, and with cognizance of the foreseeable consequences: not following at least one or more rules of the common law, Nevada Revised Statute, and Nevada Administrative Code provisions pertaining to the adjustment of first party claims during the adjusting of Plaintiff's claims; not performing one or more contractual provisions in the policy of insurance; and reaching medical conclusions before, upon information and belief, conducting a reasonable investigation including, but not limited to, using any medical consultation. For the above reasons, Plaintiff is entitled to exemplary damages as contemplated by NRS 42.005.

56. Upon information and belief, the employer and corporate DEFENDANTS, and each of them, are liable for exemplary damages by knowledge and actions that satisfy NRS 42.007 including but not limited to maintaining the denial of the Plaintiff's claim and asserting a defense of this litigation even after learning of the negligence, failed contractual performance, and breach of covenants of good faith and fair dealings, committed by non-management employees and low level supervisors of non- management employees.

57. That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein as an item of special damages.

### THIRD CAUSE OF ACTION
**(Negligence)**

58. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 57 of the Complaint as though fully set forth herein by reference.

59. That DEFENDANTS, and each of them, had a duty to conduct itself in a reasonable manner in its adjusting and evaluating of the Plaintiff's UIM claims.

60. As described earlier in this document, that DEFENDANTS, and each of them, failed to carry out its duty to Plaintiff to adjust and evaluate the Plaintiff's claim in an ordinary reasonably prudent manner, proximately causing Plaintiff damages including mental suffering and distress, anxiety, anguish, worry, sleep loss, depression, pecuniary loss, and foreseeable financial hardship all in an amount in excess of $10,000.00, and DEFENDANTS, and each of them, are negligent.

61. That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION
### (Negligence Per Se)

62. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 61 of the Complaint as though fully set forth herein by reference.

63. That DEFENDANTS, and each of them, failed to abide by the requirements of NRS 686A.310, et. seq, and NAC 686A.600, et. seq., and has breached the statutory standards of minimum care, causing Plaintiff damages including mental suffering and distress, anxiety, anguish, and financial hardship all in an amount in excess of $10,000.00, and is negligent *per se.*

64. That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein.

65. That Plaintiff demands a jury trial.

. . .

. . .

. . .

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract;

2. Damages for breach of implied covenant of good faith and fair dealing;

3. Damages for negligence;

4. Damages for negligence per se;

5. General damages in an amount excess of $10,000.00;

6. Special damages in an amount excess of $10,000.00;

7. Exemplary damages in an amount in excess of $10,000.00;

8. Prejudgment interest, attorney's fees, and costs of suit incurred herein;

9. For trial by a jury; and

10. For such other and further relief as the Court may deem just and proper.

DATED this _____ day of May, 2015.

                      G. DALLAS HORTON & ASSOCIATES

                      _____
                      G. DALLAS HORTON, ESQ.
                      Nevada Bar No. 5996
                      DAVID L. THOMAS, ESQ.
                      Nevada Bar No. 3172
                      CHRISTIAN Z. SMITH, ESQ.
                      Nevada Bar No. 8266
                      4435 South Eastern Avenue
                      Las Vegas, Nevada 89119
                      *Attorneys for Plaintiff*