ROBERT W. FREEMAN, ESQ.
Nevada Bar No. 03062
Email: Robert.Freeman@lewisbrisbois.com
GREGORY S. BEAN, ESQ.
Nevada Bar No. 12694
Email: Gregory.Bean@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| BRISA ELIZABETH CHACON-SOLIS, | CASE NO.:  2:15-cv-00627-RFB-CWH |
| Plaintiffs, | |
| vs. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| STATE FARM FIRE & CASUALTY COMPANY; ROE INSURANCE COMPANY, DOES I through X, and ROE CORPORATIONS I through X, | |
| Defendants. | |

It appearing to the Court that the Plaintiff BRISA ELIZABETH CHACON-SOLIS ("Plaintiff") and Defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm") are in agreement that State Farm possesses proprietary policies and procedures that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1.      This Confidentiality Agreement and Protective Order shall govern certain discovery and document production among the parties, as well as discovery and document production from third parties, in the above-referenced action.

4811-4891-4725.1

2. For purposes of this Confidentiality Agreement and Protective Order, the term "Confidential Information" shall refer to: (1) information which any party or non-party believes in good faith to be a trade secret or confidential research, development, commercial, or other proprietary business information within the meaning of NRCP 26(c)(7); and (2) documents and/or testimony that may reveal confidential, proprietary, personal, or commercially sensitive information. Such Confidential Information may be contained in any written, printed, recorded, or graphic matter of any kind and shall retain its confidential designation regardless of the medium on which it is produced, reproduced, or stored. Such Confidential Information may also be elicited at deposition or through written discovery.

3. Whenever any party or non-party desires to designate information contained in a document as Confidential Information, the designating party shall mark each page of the document with the word "CONFIDENTIAL" and identify such Confidential Information at the time of production. Confidential Information may be used in the course of depositions in accordance with this Confidentiality Order.

4. If any Party disagrees with the designation of materials marked "Confidential," the objecting Party shall within five (5) days of receipt of the materials, provide written notice of the disagreement to State Farm, requesting a meeting to confer with counsel for State Farm to resolve the dispute over the "Confidential" designation. If the dispute over the designation is not resolved informally between the parties, State Farm will file a motion with the Court to resolve the dispute regarding the "Confidential" designation. State Farm will have 30 days from the date in which the parties meet and confer regarding the dispute over the designation, in which to file a motion with the court regarding the designation. In any event, unless and until a Court ruling is obtained changing a designation, or the Party designating the materials as "Confidential" agrees otherwise in writing, the material involved shall be treated according to the existing "Confidential" designation.

5. Transcripts or exhibits from any deposition or hearing shall be temporarily

designated as "Confidential" and be treated as subject to the terms of this Stipulation. Within forty-five (45) days of receipt of such transcripts and exhibits, Counsel will designate the pages of the transcripts or exhibits which shall remain designated as "Confidential" and will advise all other parties. If no designation is made within forty-five (45) days, the entire transcript and all exhibits will be deemed not confidential.

6. All documents produced or information disclosed and any other records designated as "confidential" by State Farm shall be revealed only to:

    a) Plaintiff;

    b) Plaintiff's counsel of record in this case;

    c) Defendant;

    d) Defendant's counsel of record in this case;

    e) Paralegals and secretarial employees under counsels' direct supervision;

    f) Outside photocopying, translating, document management, and exhibit preparation services engaged by a party for purposes of this litigation;

    g) Persons employed by counsel to act as consultants or experts in this action;

    h) Any other person State Farm agrees in writing may be shown such documents; and

    i) The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action and any jury empanelled in this action, subject to the protections of Paragraphs 3, 5, and 10 of this Order and to any order the Court subsequently enters to preserve the confidentiality of documents used at trial.

7. The information considered as "Confidential" and disclosed only in accord with the terms of this agreement shall include, without limitation, any claims manual, training materials, and any other information or documentation supplied by State Farm

and designated as "Confidential."

8.  Documents deemed confidential by State Farm shall be used only for the purposes of prosecuting or defending this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to or discussed with anyone other than the individuals designated in Paragraph 6.

9.  Prior to disclosure of any documents designated as "confidential" to any individual who is not a signator to this Agreement, counsel shall require such individual to read this Protective Order and sign the Agreement which is attached hereto as Exhibit A and shall provide a copy of the signed Agreement to counsel for State Farm.

10. Any Court filings which contain a document or other material designated as confidential shall only be filed and submitted under seal, subject to LR 10-5.

11. This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

12. If any Party believes that it is not bound by this Order respecting documents designated "Confidential," it shall give notice to counsel for State Farm at least 30 days before the Party uses or discloses such documents in a manner prohibited by this Order, to enable State Farm to contest the intended use through a motion to the Court.

13. Within 30 days of the final termination of this case, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for State Farm upon request of State Farm or its attorneys. In the alternative, within 30 days of the final termination of this case, all such documents, including copies or extracts or summaries thereof, may be shredded or disposed of in a manner to ensure the destruction thereof and a declaration certifying such destruction or disposal provided to State Farm.

14. In any action or proceeding to enforce this Stipulated Protective Order, or pursuant to paragraph 12, the prevailing party shall be entitled to recover its reasonable

1 | attorneys' fees and costs, without limiting any other relief that may be available.

2 |     15.   This Order shall remain in effect after the conclusion of this case and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

DATED this 24 day of July, 2015.　　　　　DATED this 16th day of July 2015.

LEWIS BRISBOIS BISGAARD & SMITH　　　G. DALLAS HORTON & ASSOCIATES

_____　　　_____
ROBERT W. FREEMAN, ESQ.　　　　　　　G. DALLAS HORTON, ESQ.
Nevada Bar No. 03062　　　　　　　　　　Nevada Bar No. 05996
GREGORY G. BEAN, ESQ.　　　　　　　　DAVID L. THOMAS, ESQ.
Nevada Bar No. 12694　　　　　　　　　　Nevada Bar No. 03172
6385 S. Rainbow Boulevard, Suite 600　　　4435 South Eastern Avenue
Las Vegas, Nevada 89118　　　　　　　　Las Vegas, Nevada 89119
*Attorneys for Defendant*　　　　　　　　*Attorneys for Plaintiff*

## ORDER

IT IS SO ORDERED.

_____
United States Magistrate Judge

DATED: July 28, 2015

## EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with a copy of the parties' STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER in the lawsuit captioned Brisa Elizabeth Chacon-Solis vs. State Farm Fire and Casualty Company (United States District Court, District of Nevada Case No. 2:15-cv-00627-RFB-CWH). The undersigned agrees to be bound by the terms of the referenced *Stipulated Confidentiality Agreement and Protective Order* in the same manner as Plaintiff, Defendant, and their attorneys.

DATED this _____ day of _____, 2015.

By: _____
Litigation Participant - Signature

_____
Name (Printed)

_____
Street Address

_____
City          State   Zip

_____
Occupation of Business



4811-4891-4725.1

6